Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4945 | **DATE** | 4/11/2011 |
| **CASE TITLE** | Joseph Michael Rizzo vs. The City of Wheaton, et al | | |

**DOCKET ENTRY TEXT**

Written Opinion: Plaintiff's motions for leave to amend his complaint [82, 83] are denied. This case is dismissed. (For further details see minute order.)

■ [ For further details see text below.]

Notices mailed by Judicial staff.
*Mail AO 450 form.

## STATEMENT

Plaintiff Joseph Rizzo filed a civil rights action against three Wheaton police officers. Rizzo alleged that the Defendant officers violated his constitutional rights when they arrested him in his residence in September 2008 and charged him with public indecency. After a period of discovery, the Defendants moved for summary judgment. In an opinion dated March 23, 2011, this court concluded that the Defendant officers entered Rizzo's building lawfully with the consent of another resident and had probable cause for his arrest. The fact that the public indecency charge was later reduced from a felony to a misdemeanor (apparently as the result of the efforts of Rizzo's defense attorney) also did not establish a violation of Mr. Rizzo's rights.

While this motion was pending, Mr. Rizzo filed three other complaints arising from the September 2008 incident and his subsequent prosecution. *Rizzo v. DuPage County*, 10 C 5855, was assigned to Judge Shadur of this court, who dismissed it on October 4, 2010. Two weeks later, on October 18, Rizzo filed a case against the DuPage County grand jury foreman and other law enforcement defendants, but then dismissed it voluntarily. *See Rizzo v. DuPage County*, 10 C 6718. The next day, Rizzo filed yet another case against these grand jury and law enforcement personnel, *Rizzo v. DuPage County*, 10 C 6719. That case was transferred to this court as related to the case Rizzo had been litigating for several months. Defendants have moved to dismiss it on various grounds, including that several of the named Defendants enjoy immunity.

Rizzo, for his part, has asked for leave to amend his complaint in this action and asks the court to recognize that the new claims "relate back" and are therefore timely. In granting the motion for summary judgment, this court directed Plaintiff to appear at a status conference and explain how any of his claims survive this court's rulings. Rizzo did appear for status, but his comments in court demonstrate that none of the claims Rizzo seeks to pursue are viable. Rizzo again complains about false arrest, but the court addressed that claim in its written opinion and found no disputes of fact concerning the probable cause for Rizzo's arrest. Rizzo complains about what he believes is "double jeopardy," but he was not tried twice for the same offense.

| STATEMENT |
|---|

Instead, Rizzo has renewed his objection to the fact that an offense he believes is no more than a misdemeanor was charged originally as a felony. Rizzo was ultimately convicted on a misdemeanor charge, however, and that ultimate conviction does not render his arrest improper. Notably, even a misdemeanor offense can support a full custodial offense.

Finally, Rizzo complains that Wheaton officers violated Wheaton regulations, but an alleged violation of state or local law does not state a federal constitutional claim. *Thompson v. City of Chicago*, 472 F.3d 444, 454-455 (7th Cir. 2006). And there is no basis for holding the Wheaton Police Chief or City Manager liable. Rizzo has not established a constitutional violation at all, but even if he had, supervisory officials cannot be held liable under 42 U.S.C. § 1983 under a *respondeat superior* theory. *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir.2007).

Plaintiff's motions for leave to amend his complaint [82, 83] are denied. This case is dismissed.